NO. 07-07-0158-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



OCTOBER 5, 2007



______________________________




SHEA F. RAYMOND, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE COUNTY COURT AT LAW NO. ONE OF LUBBOCK COUNTY;



NO. 2005-496,325; HONORABLE LARRY B. "RUSTY" LADD, JUDGE



_______________________________



Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

ABATEMENT AND REMAND


 Following a plea of not guilty, Appellant, Shea F. Raymond, was convicted by a jury
of driving while intoxicated. Punishment was assessed at 180 days confinement and a
$2,000 fine, suspended in favor of eighteen months community supervision. Appellant
timely perfected this appeal. 

Failure of Appellant to File Brief

 The clerk's record was filed on May 31, 2007. On June 20, 2007, this Court directed
Appellant's counsel to certify in writing, on or before July 10, 2007, that he had complied
with Rule 34.6(b) (designation of record and request for preparation) and Rule 35.3(b)
(payment of reporter's fee). (1) Counsel was further advised that failure to comply with this
order would result in the deadline for Appellant's brief being set. No response having been
received, on July 20, 2007, this Court deemed the reporter's record as having been filed,
thereby making Appellant's brief due on August 20, 2007. Appellant did not file a brief, and
on September 10, 2007, Appellant was notified of the deficiency and advised that unless
the brief or an appropriate response was received on or before September 20, 2007, the
appeal was subject to being abated and the cause remanded. Appellant did not respond
and the brief remains outstanding.

Motion to Withdraw

 On August 7, 2007, Appellant's retained counsel filed a Motion to Withdraw in which
he represented that, despite diligent attempts, Appellant failed to remain in contact with
him and also failed to make arrangements to pay for the appellate record. Counsel's
motion was granted by this Court pursuant to Rule 6.5 of the Texas Rules of Appellate
Procedure; however, at that time no arrangements were made for the substitution of
counsel. 

Failure to File Appellant's Brief Does Not Authorize 

Dismissal or Consideration Without Briefs


 Notwithstanding Appellant's apparent disregard for the merits of his appeal, Rule
38.8(b)(1) provides that an appellant's failure to file a brief does not authorize either
dismissal of the appeal or consideration of the appeal without briefs, unless the trial court
has found either (1) that the appellant no longer desires to prosecute the appeal, or (2) that
the appellant is not indigent but has not made the necessary arrangements for filing a brief. 
Therefore, we abate this appeal and remand the cause to the trial court for further
proceedings pursuant to Rule 38.8(b)(4). Upon remand, the trial court shall utilize
whatever means necessary to determine the following: 

 1. whether Appellant desires to prosecute the appeal;

 2. whether Appellant is indigent and entitled to appointed counsel; and

 3. whether Appellant is not indigent but has not made the necessary
arrangements for filing a brief.


On remand, if Appellant fails to appear for a hearing after being notified of the date, time
and place of hearing, the trial court is authorized to presume that Appellant (1) does not
desire to prosecute this appeal, (2) is not indigent and not entitled to appointed counsel;
and, (3) that Appellant has not made necessary arrangements for filing a brief. Notice of
that hearing shall be made to the Appellant in person or by mail to Appellant's last known
address by both certified and regular mail. For purposes of this notice Appellant's last
known address is presumed to be the last known address contained in Appellant's
counsel's Motion to Withdraw, to-wit: 4317 53rd Street, Apt. A, Lubbock, Texas 79413. 

 Should it be determined that Appellant does want to prosecute this appeal and the
court determines that he is indigent and entitled to appointed counsel or has retained new
counsel, the name, address, telephone number, and state bar number of the newly-appointed or newly-retained counsel shall be provided to the Clerk of this Court. 

 Finally, the trial court shall execute findings of fact, conclusions of law, and any
necessary orders it may enter regarding the aforementioned issues and cause its findings,
conclusions, and orders, if any, to be included in a supplemental clerk's record to be filed
with the Clerk of this Court by Friday, November 9, 2007.

 It is so ordered.


 Per Curiam


 


Do not publish.

 

 
1. All references to the Rules herein are references to the Texas Rules of Appellate
Procedure.



2"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-0366-CR

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL D

 

MARCH 30, 2011

 

______________________________

 

 

DAVID ANASTACIO MARQUEZ, APPELLANT

 

V.

 

THE STATE OF TEXAS, APPELLEE

 

_________________________________

 

FROM THE 64TH DISTRICT COURT OF HALE
COUNTY;

 

NO. A17778-0809; HONORABLE ROBERT W. KINKAID, JR.,
JUDGE

 

_______________________________

 

Before QUINN, C.J. and CAMPBELL and PIRTLE, JJ.

DISSENTING OPINION

            The
majority finds that Appellant's prior plea agreement and plea are evidence of
his financial ability to pay $337.50 of the $637.50 in court-appointed
attorney's fees.  I respectfully
disagree.

            Contracting
to pay a debt and having the actual ability to pay a debt are two entirely different
concepts.  Our jurisprudence is replete
with examples of people who contracted to pay a debt but were unable to fulfill
that obligation.  

            Furthermore,
the determination of an ability to pay must be made at the time of the
assessment.  The ability to pay at some past
or future point in time is no evidence of Appellant's present ability to pay.  Tex. Code Crim. Proc. Ann. art. 26.05(g) (West Supp.
2010).  Because I would reform the
judgment to find no attorney's fees were properly assessable, I respectfully
dissent.

                                                                                     
                                                                      Patrick
A. Pirtle 

       Justice

 

Do not publish.